UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KEITH SHANE MACLEOD, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>OLGA GRAJALES, et al., )<br>)<br>Defendants. ) | Civil Action No. 6:13-188-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Keith Shane Macleod is currently confined at United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Macleod filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against employees at several prisons where he has been confined.[1] [Record No. 1] Because Macleod has been granted permission to pay the filing fee in installments, and because he asserts claims against government officials, the Court will conduct

---

1   Macleod asserts claims against Dr. Olga Grajales, the clinical director at USP-Coleman; Dr. Tidwell, the staff director at USP-Coleman; Warden Tamara Jarvis; Dr. A. Ortiz, the clinical director of USP-Victorville; Dr. Jude Onuoha, the clinical director of USP-Victorville; Francisco Quintana, former warden of USP-Victorville; J.C. Holland, the warden of USP-McCreary; and Dr. J. Vazquez, the clinical director of USP-McCreary. The Clerk of the Court will be directed to remove Dr. Fernandez as a defendant to this action, but to add Warden Quintana as a defendant.

-1-

a preliminary review of his Complaint.[2] 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

For the reasons set forth below, Macleod's *Bivens* claims against Wardens Holland and Quintana will be dismissed for failure to state a claim upon which relief can be granted. His negligence claims against Dr. Onuoha will be dismissed for lack of jurisdiction and his official capacity *Bivens* claims against Dr. Onuoha and Dr. Vasquez will be dismissed; however, Macleod's individual capacity claims against both of them will be allowed to proceed. Finally, Macleod's *Bivens* claims against Grajales, Dr. Tidwell, Dr. Ortiz, and Jarvis will be dismissed for lack of personal jurisdiction.

**I.**

Macleod alleges that he began experiencing back and neck pain while confined at USP-Coleman in 2011. Following a MRI, on September 27, 2011, the medical staff approved a surgical procedure. [Record No. 1-1, p. 2] After being transferred to USP-Victorville, Macleod was evaluated further. On March 15, 2012, he was again approved for surgery. [*Id.*, p. 4] Macleod alleges that officials at USP-Victorville did not perform the surgical procedure or provide necessary treatment for his condition. In August 2012, Macleod was transferred to USP-McCreary. Upon his arrival at that facility, Macleod advised the medical staff that he was in severe pain and needed surgery for his neck and back condition. He claims that the USP-

---

2   A district court is required to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Macleod's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage, Macleod's factual allegations are accepted as true and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

McCreary medical staff (including Defendants Onuoha and Vazquez) ignored his complaints and instead treated his condition with pain medication. Eventually, Macleod underwent surgery on his neck, but he complains that he never had surgery on his back. [*Id.*, p. 6]

Macleod alleges that all of the defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment of the United States Constitution. Macleod further alleges that the defendants violated his Fifth Amendment due process rights. [Record No. 1, p. 8] Based on these claimed violations, he demands additional back surgery; treatment of an ankle injury; $50,000 in compensatory damages; and $1 million in punitive damages. [*Id.*, p. 12]

## II.

### A. Claims Against Warden Holland and Warden Quintana[3]

Macleod alleges that Wardens Holland and Quintana knew about his medical conditions while incarcerated at USP-Coleman and USP-Victorville but neither warden took any action. However, his claims against both wardens fail because they may not be held liable as supervisors of their respective institutions. Under *Bivens*, a plaintiff must allege that a supervisor encouraged the specific incident of alleged misconduct or in some other way directly participated in it. *Rose v. Caruso*, 284 F. App'x . 279 , 282-83 (6th Cir. 2008); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). "[F]or supervisory liability to attach, a plaintiff must allege and prove that the official 'did more

---

3  Macleod's constitutional claims against Holland and Quintana in their official capacities will be dismissed. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (*Bivens* will not support an action against federal officials sued in their official capacity); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (*Bivens* actions are "against federal officials individually.").

than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, liability under *Bivens* must be based on *active* unconstitutional behavior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability. *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Macleod alleges only that Quintana and Holland failed to take action in response to his medical complaints. However, he does not allege that either was actively involved in the decisions relating to his medical treatment. Neither Quintana nor Holland may be held liable for the decisions of medical professionals at their respective institutions, absent some allegation that they were directly or personally involved in those medical decisions or condoned the allegedly unconstitutional actions. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) (holding that the warden of a federal medical center could not be liable under doctrine of *respondeat superior* for a prisoner's alleged inadequate medical treatment, absent a showing of warden's personal involvement in the alleged negligent acts); *Bryant v. Carlson*, 652 F.Supp. 1286, 1287–88 (D.D.C. 1987) (holding that the penitentiary warden could not be liable to a prisoner under the *respondeat superior* theory).

Although Macleod complains about the denial of his administrative grievances, the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish

liability under either *Bivens* or 42 U.S.C. § 1983. *See Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012); *Alder v. Correctional Med. Servcs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee*, 199 F.3d at 300. Further, the denial of administrative remedies does not constitute a violation of Macleod's Fifth Amendment right to due process of law, because there is no inherent constitutional right to an effective or responsive prison grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Table) ("Hence, [plaintiff's] allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Based upon the foregoing, Macleod's Fifth and Eighth Amendment *Bivens* claims against Holland and Quintana will be dismissed.

   **B.**  **Dr. Onuoha and Dr. Vazquez**

Macleod asserts two claims against Dr. Onuoha: negligence and deliberate indifference to his medical needs. Macleod's negligence claims fall under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975); *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679.

An FTCA action is barred unless: (1) an administrative claim is presented to the appropriate federal agency for administrative settlement within two years of its accrual and (2)

the agency has denied the claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). A claimant must then commence an action in federal court within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). Compliance with both conditions is a jurisdictional prerequisite to filing suit under the FTCA in federal court. The claim is barred absent satisfaction of both requirements. 28 U.S.C. § 2401(b); *Blakely,* 276 F.3d at 865; *Rogers v. United States*, 675 F.2d 123 (6th Cir. 1982); *Garrett*, 640 F.2d at 25. If the plaintiff fails to file an administrative claim and receive a denial from the agency before filing suit, the district court has no subject matter jurisdiction over an FTCA claim against the United States and must dismiss it. *See Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Further, the plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Macleod attached documentation showing that he administratively exhausted his constitutional claims [Record No. 1-1, pp. 30-36], but he has not administratively exhausted any negligence claim under the FTCA's framework. "A claim under the FTCA and a *Bivens* claim under the PLRA are two separate claims." *Himmelreich v. Federal Bureau of Prisons*, No. 4:10–CV–02404, 2013 WL 3787619, at *3 (N.D. Ohio July 18, 2013); *see also Smith v. United States*, No. 09-CV-314-GFVT, 2011 WL 4591971, at *4 (E.D. Ky. Sept. 30, 2011) ("In other words, the FTCA and *Bivens* each have their own exhaustion procedures, and Smith has a duty to fully exhaust the administrative remedies required by the two different claims."). Because the Court lacks subject matter jurisdiction over Macleod's negligence claim, that claim will be

dismissed.[4]  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Macleod has exhausted his Eighth Amendment medical claims against Dr. Onuoha and Dr. Vazquez under the BOP's administrative remedy process.  [Record No. 1-1, pp. 30-36] Thus, Dr. Onuoha and Dr. Vazquez will be directed to respond to Macleod's Eighth Amendment claims alleging deliberate indifference to his serious medical needs.[5]  However, Macleod has failed to assert a factually viable Fifth Amendment due process claim against either of these defendants.  As a result, neither Dr. Onuoha nor Dr. Vazquez will be required to respond to any construed official capacity *Bivens* claims, because such claims can not be maintained.  *See Berger*, 933 F.2d at 397.

      **C.**     ***Bivens* Claims Against Out-of-State Defendants**

Macleod attempts to assert claims against several out-of state defendants, including Dr. Grajales, Dr. Tidwell, and Warden Jarvis, all of whom he alleges are officials of USP-Coleman, located in Florida.  Likewise, he asserts that Dr. Ortiz was the doctor at USP-Victorville, located California.  A plaintiff must plead facts establishing personal jurisdiction over the defendants he names, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997).

---

4     The FTCA provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.  Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).  Macleod did not name the United States as a defendant to this action.

5     Because Macleod has been granted pauper status, the Clerk's Office and the Office of the United States Marshal ("USM Office") will be directed to serve the summons and Complaint as set forth below. *See* Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

"Without personal jurisdiction over an individual . . . a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). A defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. *International Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945); *see also Halderman v. Sanderson Forklifts Co.,* 818 S.W.2d 270, 274 (Ky. App. 1991).

To establish minimum contacts, a plaintiff must establish that the defendant should reasonably anticipate being brought into court in the forum State, because he purposefully availed himself of the privilege of conducting activities there. *Id.*; *see also Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 380 (6th Cir. 1968). Put another way, "the relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen v. Matthews*, 935 F.2d 1454, 1459-50 (6th Cir. 1991) (citations omitted).

Macleod has not established personal jurisdiction over any of the out-of-state defendants. The USP-Coleman and USP-Victorville defendants reside and work in Florida and California, respectively. The claims against those defendants arose out of conduct occurring in those states, not from activities in Kentucky. There is no indication that those defendants have ever been to Kentucky, nor would they have anticipated being hauled into court here. Accordingly Macleod's claims against them will be dismissed for lack of personal jurisdiction. *Hasan v. Waxxis Inv. N.V.*, 865 F.2d 258, 1988 WL 134513, at *1 (6th Cir. 1988) ("[T]he plaintiff in a civil action has

the duty to state the grounds upon which the jurisdiction of the court depends."); Fed. R. Civ. P. 8(a)(1); *Walls v. Waste Resource Corp.*, 761 F.2d 311, 317 (6th Cir. 1985).

### III.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall substitute Francisco Quintana, former Warden of USP-Victorville, as a defendant to this action. The Clerk of the Court shall remove Dr. Fernandez as a defendant to this action.

2. Macleod's *Bivens* claims against Warden J.C. Holland and Warden Francisco Quintana, are **DISMISSED,** with prejudice, for failure to state a claim on which relief can be granted. Defendants Holland and Quintana are **DISMISSED** from this action.

3. Macleod's negligence claims against Dr. Jude Onuoha, USP-McCreary Clinical Director, are **DISMISSED**, for lack of subject matter jurisdiction.

4. Macleod's claims against Defendant Olga Grajales, Dr. Tidwell, Warden Tamara Jarvis, and Dr. A. Ortiz, are **DISMISSED** for lack of personal jurisdiction. These defendants are **DISMISSED** as parties to this action.

5. Macleod's Fifth and Eighth Amendment *Bivens* claims against Dr. Jude Onuoha and Dr. J. Vazquez in their official capacities are **DISMISSED,** with prejudice, for failure to state a claim on which relief can be granted. However, Macleod's Eighth Amendment claims against Dr. Onuoha and Dr. Vazquez in their individual capacities will be permitted to proceed.

6. The Clerk of Court shall prepare the documents necessary for service of process upon USP-McCreary Defendants Dr. Jude Onuoha and Dr. J. Vazquez, in their individual capacities. Each service packet shall include:

    a. a completed summons form;

    b. the Complaint and attachments thereto [Record No.1];

    c. this Order; and

    d. a completed USM Form 285.

7. The Clerk shall present the service packet(s) and copies to the USM Office in London, Kentucky.

8. For both defendants to be served, service of process shall be conducted by the USM Office in London, Kentucky, by serving a Service Packet personally upon the defendants, through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant to be served is successfully served with process. In the event that an attempt at service upon any defendant is unsuccessful, the USM Office shall make further attempts and ascertain such information necessary to ensure successful service.

9. The USM Office must complete service on the named defendants by serving the copies described above by certified or registered mail to:

    a. one set of copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. one set to the Office of the Attorney General of the United States in Washington, D.C.; and

c. one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

10. The plaintiff must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**. The plaintiff must communicate with the Court solely through notices or motions filed with the Clerk's Office. **The Court will disregard correspondence sent directly to the judge's chambers**.

11. With every notice or motion filed with the Court, the plaintiff must (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done. **The Court will disregard any notice or motion that does not include this certification**.

This 8th day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge